```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Bryan D. Fleming

    v.                                  Civil No. 05-cv-262-JD

Jo Anne B. Barnhart, Commissioner


                              O R D E R

    Bryan D. Fleming brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the decision by the Commissioner of the Social Security Administration to deny his application for social security benefits.  Fleming contends that the Administrative Law Judge ("ALJ") failed to make required findings as to the transferability of his work skills, erred in his finding as to Fleming's mental impairment, and failed to apply the medical improvement standard.  The Commissioner moves to affirm the decision.


                                Background

    Fleming applied for social security benefits in July of 2002, alleging that he had been disabled from work since January 14, 2002, due to a right shoulder injury and a right knee injury.  The ALJ held a hearing on May 9, 2003.  Fleming was represented by counsel at the hearing and testified.  Fleming's girlfriend and a vocational expert also testified.  At the hearing, Fleming

testified that in addition to his physical impairments, he had had panic attacks and mood swings.

The ALJ issued a decision on November 28, 2003, in which he found that Fleming had been disabled for a closed period between January 14, 2002, through February 28, 2003, but that his condition improved so that he was not disabled after that time. The ALJ concluded that Fleming could not return to his past work but that, based on the testimony of the vocational expert, he could do other work, including the jobs of dispatcher, expediter, and information clerk. The Appeals Council denied Fleming's request for review.

## Discussion

The court must uphold a final decision of the Commissioner denying benefits unless the decision is based on legal or factual error. Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). Error does not require a remand, however, "if it will amount to no more than an empty exercise." Ward v. Commissioner of Social Security, 211 F.3d 652, 656 (1st Cir. 2000). The circumstances of this case present a close question between remand and affirmance.

As Fleming points out, the ALJ made a series of errors in his decision: using a different DOT number for one job suggested

by the vocational expert, making inconsistent findings with respect to Vaughn's mental impairment, and failing to follow the required procedure for finding medical improvement.  The Commissioner asserts that all of the mistakes can be explained and, therefore, amount to no more than harmless error taken in the context of the record as a whole.  While the court is persuaded that the DOT number change is not significant, given Vaughn's high school education, the other mistakes should be addressed through the administrative process.

## Conclusion

For the foregoing reasons, the claimant's motion to reverse (document no. 7) is granted.  The Commissioner's motion to affirm (document no. 9) is denied.  The case is remanded pursuant to sentence four for further administrative proceedings.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

January 9, 2006

cc:  David L. Broderick, Esquire
     Raymond J.  Kelly, Esquire