UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Bryan D. Fleming

     v.                               Civil No. 05-cv-262-JD

Jo Anne B. Barnhart, Commissioner
Social Security Administration


O R D E R

     The court previously reversed and remanded the
Commissioner's decision that denied Bryan D. Fleming's
application for benefits.  Fleming now moves for an award of
attorneys' fees and other expenses under the Equal Access to
Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  The Commissioner
opposes an award of fees and expenses on the ground that her
position was substantially justified.  Alternatively, the
Commissioner asserts that the amount of the request is excessive.

     The EAJA requires an award of fees and other expenses to a
prevailing party in an action against the United States "unless
the court finds that the position of the United States was
substantially justified or that special circumstances make an
award unjust."  § 2412(d)(1)(A).  Substantially justified in this
context means "that its position was justified in substance or in
the main--that is, 'justified to a degree that could satisfy a
reasonable person.'"  Schock v. United States, 254 F.3d 1, 5 (1st

Cir. 2001) (quoting Pierce v. Underwood, 487 U.S. 552, 565
(1988)).   The Commissioner's position is substantially justified
if the "position 'has a reasonable basis in law and fact.'"
Dantran, inc. v. U.S. Dep't of Labor, 246 F.3d 36, 40 (1st Cir.
2001) (quoting Pierce, 487 U.S. at 566 n.2).   The Commissioner
bears the burden of showing that her position both before and
during litigation was substantially justified.   Id.

Fleming applied for social security benefits alleging a
disability due to a right shoulder injury and a right knee
injury.   Following a hearing, the Administrative Law Judge
("ALJ") found that Fleming was entitled to a closed period of
benefits but that he improved and was not disabled after that
time.   Fleming sought judicial review, asserting that the ALJ had
made a series of errors that included using the wrong DOT number,
making inconsistent findings with respect to his asserted mental
impairment, and failing to follow the procedure for finding
medical improvement.   The Commissioner argued that the mistakes
were explainable and that remand was not necessary.   The court
reversed and remanded the decision so that the mistakes could be
addressed through the administrative process.

In response to Fleming's motion for an award of fees and
expenses, the Commissioner contends that her position was
substantially justified because the court agreed that the ALJ's

mistaken DOT number was not significant and, despite the remand, the court found that the circumstances in the case presented a close question between remand and affirmance.  The Commissioner points to facts in the record to support her position that Fleming's mental impairment was not disabling for the required twelve month period.  She also contends that the lack of controlling authority in the First Circuit as to whether the medical improvement standard applies to closed periods of disability cases shows that her position was substantially justified.  She further contends that the First Circuit has since indicated that a finding of medical improvement based on two factors was sufficient.  See Duguay v. Barnhart, 2006 WL 510783 (1st Cir. Mar. 3, 2006).  Fleming asserts that the Commissioner's position was not substantially justified because of the many errors made by the ALJ and because the court reversed and remanded the decision, not finding the errors to be harmless.

"The mere fact that the government does not prevail is not dispositive on the issue of substantial justification."  Schock, 254 F.3d at 5.  As noted above, this was a close case.  The court agrees with the Commissioner that her explanations of the ALJ's errors and her arguments for affirmance were substantially justified.

3

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion for an award of fees and expenses (document no. 14) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

April 20, 2006

cc:  Raymond J. Kelly, Esquire
     David L. Broderick, Esquire

4